IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY JOE STULL                                    CV. 06-1596-PK

                                                                                               FINDINGS AND
                                                                                               RECOMMENDATION

                 Plaintiff,

v.

BERNIE GIUSTO AND THE
MULTNOMAH COUNTY SHERIFF'S
OFFICE,

                 Defendants.

---

PAPAK, Magistrate Judge:

      On August 9, 2006, *pro se* plaintiff Barry Joe Stull filed this 42 U.S.C. § 1983 action against Bernie Giusto, Sheriff of Multnomah County ("Giusto"), and the Multnomah County Sheriff's Office (the "MCSO"), alleging that defendants failed to provide him with necessary medical treatment in violation of unspecified "constitutional and statutory provisions" while he

Page 1 - FINDINGS AND RECOMMENDATION

was incarcerated at the Multnomah County Detention Center (the "MCDC") and the Multnomah County Inverness Jail (the "MCIJ"). Complaint, ¶ 9; *see also* Complaint, ¶ 10. Stull appears to name Giusto as a defendant in his "supervisory capacity over the [MCSO]" only. Complaint, ¶ 2.

Now before the court is defendants' motion for summary judgment (#9). Defendants argue, essentially, that Stull has named the wrong entities as defendants. Specifically, defendants argue that Giusto may not be held liable either in his personal or in his official capacity because he lacked personal or official involvement in Stull's alleged deprivation of rights, and that Stull cannot state a Section 1983 claim against the MSCO both because it cannot be held vicariously liable for the actions of employees of the Correction Health Division of the Multnomah County Health Department and because the alleged deprivation was not caused (and has not been alleged to have been caused) by any policy, procedure, or practice of the MSCO. For the reasons stated below, this court agrees with defendants and recommends that Stull's claim be dismissed as to Giusto and the MCSO.

However, in part because this court construes the pleadings of a *pro se* plaintiff liberally, the court additionally recommends that Stull's response to defendants' motion for summary judgment (#19) be construed to include a request for leave to amend the complaint to name appropriate defendants. For the reasons stated below, this court further recommends that such leave to amend be granted, provided that Stull files an amended complaint within thirty days of the date of the district court's order following review of these Findings and Recommendation.

## FACTUAL BACKGROUND

Prior to the events plaintiff now complains of, Stull was diagnosed with dysesthesia and a

central neuropathic pain condition. Under the auspices of the Oregon Medical Marijuana Act, Stull's physician, Dr. Robert J. Grimm, prescribed marijuana for relief of Stull's symptoms.

On August 9, 2004, Stull turned himself in to the Multnomah County Detention Center to serve a jail sentence following his conviction for possession of a controlled substance. Because the Oregon Medical Marijuana Act is expressly inapplicable to prisoners incarcerated in correctional facilities, *see* ORS 475.316, Stull made efforts prior to surrendering himself to the custody of the MCDC to arrange for alternative treatment of his expected pain symptoms while serving his sentence. In the course of MCDC intake procedures, Stull met with Correction Health Division ("CHD") medical personnel and signed an authorization and waiver to permit CHD staff to discuss Stull's medical condition and possible alternative treatments with his physician, Dr. Grimm.

Stull was kept in custody at the MCDC only until August 13, 2004. While at the MCDC, in addition to reporting his need for medical treatment of his pain symptoms prior to and at his intake, Stull requested treatment of unidentified CHD staff nurses on August 10, 11, and 12, 2004. Also while at the MCDC, on Wednesday, August 11, 2004, CHD medical staffer Dr. J. Bane consulted with Stull's physician Dr. Grimm. Dr. Bane advised Stull that Dr. Grimm had made suggestions for treating Stull's neuropathic pain, and that Dr. Bane would discuss these with Stull at an appointment early the following week. Before the appointment was kept, however, on Friday, August 13, 2004, Stull was transferred by the MSCO to a different facility, the Multnomah County Inverness Jail. Because MSCO does not transport inmates between facilities for appointments, the appointment was not rescheduled. Stull received no medical treatment for his pain condition while in MCDC custody.

Page 3 - FINDINGS AND RECOMMENDATION

While Stull was in MCIJ custody, he additionally requested treatment of an unidentified corrections officer at his intake on August 13, 2004, of an unidentified CHD staff nurse on August 14, 2004, and of a counselor identified as "Ms. Zebede" on August 16, 2004. Shortly thereafter, on August 18, 2004, Stull was released from custody on furlough. As at MCDC, while in MCIJ custody received no medical treatment for his dysesthesia and central neuropathic pain.

Although Stull offers evidence of his repeated requests for medical treatment, the evidence in the record is sparse as to whether his need for such treatment was demonstrated and actual as opposed to merely potential. In an unsigned and un-notarized document styled as an affidavit, Stull asserts that at his pretrial hearing Dr. Grimm testified "that due to the nature of [his] central neuropathic pain condition . . . it would be a matter of hours or days at most before the nature of [his] condition resulted in severe pain." Stull also offers a letter signed by Dr. Grimm on September 23, 2003, and addressed "To whom it may concern" describing Stull's pain as "intractable" and as "disabling when it strikes." Finally, in his briefing but not in a sworn statement, Stull states that while in custody he "did not receive medical treatment, and endured 'unnecessary and wanton infliction of pain' (quoting *Clement*[ *v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)], which predictably arose from not treating a condition which by its very diagnosis is a 'neuropathic pain' condition."

On February 4, 2005, Stull sent a Notice of Tort Claim to Multnomah County stating that he intended to file a tort claim for "denying [him] medical treatment and subjecting [him] to increased pain" while in custody between August 9, 2004, and August 18, 2004. Stull commenced this action on August 9, 2006 in the Circuit Court of the State of Oregon for the

Page 4 - FINDINGS AND RECOMMENDATION

County of Multnomah. Defendants subsequently removed the action to federal court, pursuant to 28 U.S.C. §1332.

## LEGAL STANDARDS

**I.**     ***Pro Se* Plaintiff**

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988).

**II.**    **Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See*, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See*, *e.g.*, *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

## ANALYSIS

Stull brings this claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action for plaintiffs subjected to deprivation of civil rights under color of state law, where such rights

Page 5 - FINDINGS AND RECOMMENDATION

are guaranteed either under the United States Constitution or under federal law. *See* 42 U.S.C. § 1983; *see also Coral Constr. Co. v. King County*, 941 F.2d 910, 926 (9th Cir. 1991) ("Section 1983 provides a private cause of action for deprivations of federal rights under color of state law").

In his briefing, if not in his complaint, Stull makes clear that the intended statutory underpinning of his Section 1983 claim is ORS 169.076, an Oregon law requiring correctional facilities to provide emergency medical treatment to prisoners, and to refrain from inflicting physical punishment on them. Stull further clarifies in his briefing that the constitutional underpinning of his claim is the Eighth Amendment prohibition against cruel and unusual punishment. Because Section 1983 provides a cause of action only in connection with federally protected civil rights, this court construes Stull's Section 1983 claim as premised on violation of the Eighth Amendment only.

The Supreme Court has established that a public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To prevail on an Eighth Amendment deliberate indifference claim, a prisoner must establish both (i) that he suffered an objectively serious illness or injury while incarcerated and (ii) that prison officials were subjectively aware of the seriousness of the condition and deliberately denied or delayed access to medical care that could reasonably have been provided. *See Clement v. Gomez*, 298 F.3d 898, 904-905 (9th Cir. 2002). The objective component is satisfied "whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 904 (internal quotation marks omitted) (*citing McGuckin v. Smith*, 974

F.2d 1050, 1059 (9th Cir. 1992) (*quoting Estelle*, 429 U.S. at 104)).

Construing the complaint liberally and affording Stull the benefit of every doubt, Stull arguably articulates an additional state-law claim for negligent or intentional violation of ORS 169.076, over which this court could exercise pendant jurisdiction pursuant to 28 U.S.C. § 1367; ORS 169.080 provides for a cause of action by the Attorney General of the State of Oregon to enforce Section 076, and expressly does not preclude any private cause of action to enforce that section. *See* ORS 169.080(2).

I.   **Defendants' Motion for Summary Judgment**

   A.   **42 U.S.C. § 1983**

      1.   **Defendant Giusto**

Stull alleges that he received no medical care while in custody, but fails either to allege or to offer evidence that defendant Giusto had personal involvement in any decision, action, or omission in connection with Stull's medical care, or that Giusto had any actual or constructive knowledge of Stull's alleged need for treatment. To the contrary, Stull's complaint and briefing suggest that if any deprivation of his constitutional rights took place, it was at the hands of Dr. Bane, Ms. Zebede, and/or other, unidentified employees of the Correction Health Division of the Multnomah County Health Department. For that reason, and for those which follow, this court recommends that summary judgment be granted in favor of Giusto.

It is well established that there can be no liability under Section 1983 absent evidence of the defendant's personal participation in the deprivation of rights alleged. *See*, *e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, the Ninth Circuit has expressly affirmed the applicability of this principle within the supervisory context, holding that:

Page 7 - FINDINGS AND RECOMMENDATION

> A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

*Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (internal quotation marks and emphasis omitted) (*citing Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*quoting Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989))); *see also Brown v. Lithel*, 145 Fed. Appx. 198, 200 (9th Cir. 2005); *MacKinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995). Because Giusto did not personally participate in the alleged deprivation of Stull's rights, he cannot be liable under Section 1983.

Moreover, and for closely related reasons, Stull has not alleged that any decision, act, or omission by defendant Giusto deprived Stull of any right enjoyed under the Eighth Amendment. Stull has neither alleged nor offered evidence that Giusto had the requisite subjective awareness to state an Eighth Amendment deliberate indifference claim against him. *See Clement*, 298 F.3d at 904-905.

Because as a matter of law Stull cannot show that Giusto deprived him of any right under the Eighth Amendment, and because as a matter of law Giusto cannot be liable under Section 1983 for any deprivation of rights Stull may have suffered, this court recommends that summary judgment be granted as to defendant Giusto on Stull's Section 1983 claim.

### 2. Defendant MCSO

Although Stull alleges that he was not provided with reasonably necessary medical care while in custody, he fails either to allege or to offer evidence that the failure to treat his pain symptoms was effected pursuant to any policy, procedure or practice of the Multnomah County Sheriff's Office. Instead, Stull's complaint and briefing suggest that if any deprivation of his

Page 8 - FINDINGS AND RECOMMENDATION

constitutional rights took place, it was under the auspices of the Correction Health Division of the Multnomah County Health Department. For that reason, and for those which follow, this court recommends that summary judgment be granted in favor of the MCSO on Stull's Section 1983 claim.

An action may br brought against a municipal entity under Section 1983 only when "the action alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). Moreover, the *Monell* court made clear that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory;" rather, municipalities may only be held liable under Section 1983 where the execution of an official policy, practice or custom promulgated by the local government agency itself causes the alleged constitutional violation. *See id.* at 690-691. Because the MCSO's policies, practices, and procedures were not implicated in the alleged deprivation of Stull's rights, the MCSO cannot be held liable under Section 1983.

**B.     ORS 169.076**

For reasons closely related to those implicated in the Section 1983 analysis above, Stull cannot prevail on a claim for violation of ORS 169.076 against either defendant. Section 076 provides that:

Each local correctional facility shall:

>    * * *
>
>    (4) Not administer any physical punishment to any prisoner at any time[ and]
>
>    (5) Provide for emergency medical and dental health. . . .

Page 9 - FINDINGS AND RECOMMENDATION

ORS 169.076. ORS 169.005 provides that "'Local correctional facility' means a jail or prison for the reception and confinement of prisoners that is provided, maintained and operated by a county or city and holds persons for more than 36 hours."

Here, it is clear that neither Giusto nor the Multnomah County Sheriff's Office is a local correctional facility subject to the provisions of Section 076, nor is either defendant an agency, employee or supervisor thereof. Because as a matter of law Stull could not prevail on a claim for intentional or negligent violation of Section 076 against either defendant, this court recommends that Stull's action be dismissed as to both defendants to the extent it seeks to state a claim for violation of Section 076.

### III.     Leave to Amend

In his briefing responsive to defendants' motion for summary judgment, Stull makes reference to this court's "obligation to liberally construe [a] *pro se* plaintiff's complaint, advise that plaintiff of [any] deficiencies [therein], and allow that plaintiff leave to replead [if necessary]." In addition, Stull suggests that, to the extent he omitted to name Multnomah County as a defendant in this action, "the municipality itself was advised of the action when service of the summons and complaint was made on the office of the Multnomah County Attorney."

In light of this court's obligation to construe a *pro se* plaintiff's proceedings liberally, and to afford such a plaintiff the benefit of any doubt, *see Karim-Panahi*, 839 F.2d at 623, this court recommends that Stull's responsive briefing be construed to include a request to amend his complaint to name defendants to which or whom his alleged deprivation of rights could appropriately be attributed. Presumably such defendants would include Multnomah County,

Page 10 - FINDINGS AND RECOMMENDATION

together with the Correction Health Division and whichever identifiable and/or Doe individual CHD medical staff members personally participated in the alleged deprivation of Stull's Eighth Amendment rights. To the extent Stull intends to state a claim for intentional or negligent violation of ORS 169.076, such defendants would also include each local correctional facility in which Stull was detained and any identifiable and/or Doe corrections officers who were involved in the alleged violation.

In the interests of justice, and to permit Stull's claim to be decided on its merits, this court further recommends that such leave to amend be granted, provided that Stull files an appropriately amended complaint within thirty days of the date the district court's order issues, following review of these Findings and Recommendation.

In making this recommendation, this court makes no finding or recommendation as to whether Stull's amended complaint will or should be deemed timely filed as to those defendants named for the first time therein, nor as to whether the facts Stull has alleged give rise to an Eighth Amendment or ORS 169.076 claim against any such defendant. It will remain Stull's burden to establish the required elements of his claim as to any named defendant.

## CONCLUSION

For the reasons set forth above, this court recommends granting defendants' motion for summary judgment (#9) as to both defendants named herein. However, this court further recommends that Stull's response to defendants' motion for summary judgment (#19) be construed as including a request for leave to amend the complaint for the purpose of naming additional defendants, and moreover that leave to amend be granted, provided that Stull files such an amended complaint within thirty days of the date of the district court's order adopting

these Findings and Recommendation.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 15, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 1st day of August, 2007.

       /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 12 - FINDINGS AND RECOMMENDATION